# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL DAVIS, )<br>        Petitioner, )<br>         )<br>vs. )<br> )<br> )<br>SUPERINTENDENT MICHAEL )<br>WENEROWICZ; THE ATTORNEY )<br>GENERAL OF THE STATE OF )<br>PENNSYLVANIA, )<br>        Respondents. ) | Civil Action No. 13-1744<br>Judge Maurice B. Cohill/<br>Chief Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), filed pursuant to 28 U.S.C. § 2254, be dismissed and that a Certificate of Appealability be denied.

### II. REPORT

Michael Davis ("Petitioner") is a state prisoner who has filed the Petition, challenging his state court convictions for, *inter alia*, Statutory Sexual Assault and Corruption of Minors in connection with the sexual abuse of a fourteen year old daughter of a woman with whom he resided.

Petitioner raises four Grounds for relief. Petitioner concedes that Grounds One and Four are procedurally defaulted. ECF No. 11 at 6. Because Grounds One and Four are procedurally defaulted, and because Petitioner cannot show "cause" for the procedural default or a miscarriage

of justice, those two Grounds cannot afford a basis for relief in these federal habeas proceedings. As to Grounds Two and Three, we find that Petitioner has not carried his burden to show that the state courts' adjudication of those claims was contrary to or an unreasonable application of United States Supreme Court precedent. Accordingly, the Petition should be dismissed and because reasonable jurists would not disagree with this disposition, a Certificate of Appealability should be denied.

### A. Factual History

The Post Conviction Relief Act ("PCRA") trial court recounted the factual history as follows:

> The evidence presented at trial established that the victim, Cherise . . . , was living with her mother in the Hill District section of Pittsburgh in the fall of 2005, when her mother brought the Defendant [i.e., Petitioner] into their home. The Defendant known to Cherise by his nickname, "Little", helped Cherise's mother manage her money and pay her bills, occasionally bought food for the family and loaned them spending money. By December, 2005, Cherise had become friends with the Defendant and would talk to him about school. One afternoon, after Cherise had broken up with her boyfriend, the Defendant told her he wanted to have sex with her, and in exchange he would buy her shoes. Cherise said she didn't like shoes and would prefer food from Wendy's. The Defendant took her into her mother's bedroom where they both undressed and the Defendant proceeded to lick her vagina. The sexual contact continued and escalated to include multiple occasions of oral sex and vaginal and anal intercourse. Cherise testified that she was afraid that Defendant would hurt her if she refused to do as he wished. She attempted to tell her mother on two (2) separate occasions, but her mother would not do anything. She finally told her brother's girlfriend, who, along with Cherise's brother, contacted the police.

ECF No. 7-2 at 28 – 29.

### B. Procedural History

Proceeding pro se, Petitioner filed the Petition in this Court, challenging his convictions. He raises four Grounds for Relief.

> GROUND ONE: Ineffective assistance of trial counsel; failure to object to prosecutor misconduct.

ECF No. 1 at 5.

> GROUND TWO: Ineffective assistance of trial counsel; failure to object to impermissible bolstering testimony by Detective Johnson.

Id. at 7.

> GROUND THREE: Ineffective assistance of trial counsel; failure to introduce medical testimony or evidence that complainant's hymen was intact.

Id. at 8.

> GROUND FOUR: Ineffective assistance of trial counsel; ineffective cross-examination of complainant which opened-the-door for admission of damaging evidence.

Id. at 10.

Respondents filed an Answer, denying Petitioner was entitled to any relief, ECF No. 6 and attached copies of portions of the state court record. ECF Nos. 7 & 8. Petitioner filed a traverse, docketed as a "Reply to Answer to Writ." ECF No. 11. Petitioner also filed a motion requesting the appointment of counsel, ECF No. 12, which was denied. ECF No. 13.

**C. The AEDPA Applies.**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because Petitioner's habeas Petition was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state court has reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, the AEDPA provides

the applicable deferential standards by which the federal habeas court is to review the state court's disposition of that issue. See 28 U.S.C. § 2254(d) and (e).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court has expounded upon the standard found in 28 U.S.C. § 2254(d). In Williams, the Supreme Court explained that Congress intended that habeas relief for errors of law may only be granted in two situations: 1) where the state court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or 2) where that state court decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States." Id. at 404-05 (emphasis deleted).

The AEDPA also permits federal habeas relief where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

**D. Discussion**

**1. Grounds One and Four are procedurally defaulted.**

Respondents assert that Grounds One and Four are procedurally defaulted. ECF No. 6 at 18. Petitioner concedes that Grounds One and Four were procedurally defaulted. ECF No. 11 at 6 ("Thus, the Commonwealth is correct that claims one and four were not exhausted and were procedurally defaulted."). However, Petitioner asserts that he has cause to excuse his procedural default of these claims. The cause that Petitioner invokes is the ineffective assistance of his PCRA counsel, Attorney Thomas Farrell, who represented Petitioner at both the PCRA trial and appellate levels. In support of Petitioner's invocation of cause based upon Attorney Farrell's alleged ineffectiveness, Petitioner cites Martinez v. Ryan, 566 U.S. __, 132 S.Ct. 1309, 1320 (2012). Id.

## a. Doctrine of procedural default.

The doctrine of procedural default provides that if a federal habeas petitioner has either failed to present a federal claim in the state courts or failed to comply with a state procedural rule and such failure to present or to comply would provide a basis for the state courts to decline to address the federal claim on the merits, then such federal claims may not be addressed by the federal habeas court.  See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977) (failure to object at trial constituted waiver of issue under state law and hence, a procedural default under federal habeas law); Francis v. Henderson, 425 U.S. 536 (1976) (failure to comply with state procedure requiring challenges to composition of grand jury be made before trial constituted state waiver and, therefore, also constituted procedural default for purposes of federal habeas); O'Sullivan v. Boerckel, 526 U.S. 838, 848-49 (1999) (failure to raise issue in discretionary appeal to state supreme court constituted a procedural default for habeas purposes).  The United States Court of Appeals for the Third Circuit has explained that the "doctrine of procedural default in effect makes compliance with all relevant state-law procedural rules a precondition to federal habeas relief." Hull v. Freeman, 932 F.2d 159, 165 (3d Cir. 1991), *overruled on other grounds by*, Caswell v. Ryan, 953 F.2d 853 (3d Cir. 1992).  See Smith v. Horn, 120 F.3d 400, 408 (3d Cir. 1997).

There are two exceptions to the procedural default doctrine.  A federal legal issue that was not properly raised in the state courts and, therefore, procedurally defaulted may nonetheless be addressed by a federal habeas court if the petitioner shows cause for, and actual prejudice stemming from, the procedural default.  Wainwright v. Sykes.  In order "[t]o show cause, a petitioner must prove 'that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.' *Murray v. Carrier*, 477 U.S. 478, 488

5

(1986)." Sistrunk v. Vaughn, 96 F.3d 666, 675 (3d Cir. 1996). In order to show actual prejudice, "the habeas petitioner must prove not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage . . . . This standard essentially requires the petitioner to show he was denied 'fundamental fairness[.]'" Werts, 228 F.3d at 193 (citations and some internal quotations omitted). The second exception permits a federal court to address the merits of a procedurally defaulted claim where the petitioner can establish a "miscarriage of justice." In Werts, the Court explained this exception as follows:

> [I]f the petitioner fails to demonstrate cause and prejudice for the default, the federal habeas court may still review an otherwise procedurally defaulted claim upon a showing that failure to review the federal habeas claim will result in a "miscarriage of justice." Generally, this exception will apply only in extraordinary cases, i.e., "where a constitutional violation has probably resulted in the conviction of one who is actually innocent...." [*Murray v. Carrier*, 477 U.S. 478] at 496 [(1986)]. Thus, to establish a miscarriage of justice, the petitioner must prove that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, 326 (1995).

Id.

Moreover, a federal habeas court may decide that a habeas petitioner has procedurally defaulted a claim even though no state court has previously decided that the claim was procedurally barred under state law. See, e.g., Carter v. Vaughn, 62 F.3d 591, 595 (3d Cir. 1995) (requiring the federal district court to determine whether the petitioner's failure to appeal in the state court constituted a waiver under state procedural law that barred state courts from considering the merits and, therefore, constituted a procedural default for habeas purposes even though no state court had made a determination that petitioner's failure to appeal constituted waiver under state law); Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998). Lastly, if a petitioner has committed a procedural default and has not shown either cause and prejudice or a miscarriage of justice, the proper disposition is to dismiss the procedurally

6

defaulted claim with prejudice. See, e.g., Wainwright v. Sykes; McClain v. Deuth, 151 F.3d 1033 (Table), 1998 WL 516804, at *2 (7th Cir. 1998); Redeagle-Belgarde v. Wood, 199 F.3d 1333 (Table), 1999 WL 985164, at *4 (9th Cir. 1999); McNary v. Farley, 16 F.3d 1225 (Table), 1994 WL 59278, at *3 n.3 (7th Cir. 1994); Thompson v. Champion, 996 F.2d 311 (Table), 1993 WL 170924, at *3 (10th Cir. 1993).

### b. Ground One was procedurally defaulted.

We find that Grounds One and Four were, in fact, procedurally defaulted. The procedural default occurred when Petitioner's PCRA counsel failed to raise Grounds One and Four in the appeal to the Pennsylvania Superior Court from the denial of PCRA relief by the PCRA trial court.[1] The record reveals that although Attorney Farrell raised Ground One in the Amended PCRA Petition before the PCRA trial court, ECF No. 8-2 at 12, Attorney Farrell abandoned the claim in his counseled appellate brief to the Pennsylvania Superior Court. See ECF No. 8-6 at 8 (Statement of The Questions Involved). Hence, Petitioner has procedurally defaulted this claim. See; Pa. R.A.P. 2116(a) (issue must be presented in the Statement of

---

[1] Petitioner's PCRA counsel raised the following three issues in Petitioner's appeal to the Superior Court from the PCRA trial court's denial of relief:

> I. Whether trial counsel gave ineffective assistance for failing to request an instruction pursuant to the Pennsylvania Standard Jury Instruction 3.21-B (the failure to produce tangible evidence at trial)?
>
> II. Whether trial counsel gave ineffective assistance for failing to call the examining doctor of Children's Hospital of Pittsburgh to testify that the victim's hymen was described as thick redundant hymen (intact)?
>
> III. Whether trial counsel gave ineffective assistance in failing to object to Detective Johnson's testimony as an expert witness as to why certain victims do not report crimes of rape in a timely fashion and as to impermissibly bolstering the victim's testimony?

ECF No. 8-6 at 8 (answers to questions omitted).

7

Questions section of brief to be considered); Sistrunk v. Vaughn, 96 F.3d at 671 n.4 ("the rules [of Pennsylvania's appellate procedure] dictate that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court."); Thomas v. Elash, 781 A.2d 170, 176-77 (Pa. Super. 2001) ("Although Appellant may have preserved the issues raised in his post trial motions by mailing the motions within 10 days of the verdict, he has now waived those issues by failing to include them in his brief to this Court. . . . Having failed to properly raise and address the issues in his brief, Appellant has precluded our review of his substantive claims."); Pelzer v. Vaughn, No. Civ.A. 92-0091, 1992 WL 95915, at *5 (E.D. Pa. April 16, 1992) ("If an issue has once been raised [in the state court of first instance], but was not pursued to the higher courts, it is deemed waived, and further litigation on that issue will not be heard [in a federal habeas court] unless a petitioner can demonstrate cause and actual prejudice, or show that failure to consider the claims would result in a fundamental miscarriage of justice.").

Pennsylvania's rule of waiver for failing to raise an issue on appeal is "independent" of any federal law question. See, e.g., Diventura v. Stepniak, No. 95-CV-0443, 1996 WL 107852, at *3 (E.D. Pa. March 11, 1996) (finding state court's application of the waiver rule to be "independent" of federal law). In addition, Pennsylvania's waiver rule for failing to raise an issue on appeal, is and was, at the time of Petitioner's appeal, regularly and consistently applied and hence, "adequate." See id.; Terry v. Gillis, 93 F.Supp.2d 603, 611 (E.D. Pa. 2000) ("Thus, because plaintiff failed to present both his claim regarding the jury charge and his claim that counsel was ineffective for not objecting to that charge to the Pennsylvania Superior Court and the Pennsylvania Supreme Court, his claims are procedurally defaulted"). Hence, Petitioner's waiver under state law constitutes a procedural default for purposes of seeking federal habeas

8

relief. Edwards v. Wenerowicz, Civ.A. No. 11–3227, 2012 WL 568849, at *4 (E.D. Pa. Jan. 31, 2012) ("The Third Circuit has specifically recognized that a failure to comply with Rule 1925(b) and identify all issues to be reviewed on appeal resulting in waiver at the state court level constitutes procedural default on independent and adequate state grounds. *Buck v. Colleran*, 115 F. App'x 526, 528 (3d Cir. 2004)."), *report adopted by*, 2012 WL 569015 (E.D. Pa. Feb. 22, 2012).

### c. Ground Four was procedurally defaulted.

In Ground Four, Petitioner alleges that his trial counsel was ineffective in his conduct of the cross-examination of the victim, where trial counsel opened the door to having a page of the victim's contemporaneously recorded diary admitted. The page of the diary recounted the date and the fact of sexual contact with Petitioner. We note that a similar claim was raised in post trial motions (namely, that the trial court erred in admitting the diary page) when Petitioner was represented by counsel different from the trial counsel. However, the Superior Court, on direct appeal, held the issue waived because Petitioner's trial counsel at the time of admission of the diary page did not object. ECF No. 7-6 at 8 – 9. Hence, Petitioner raised the related claim in his pro se PCRA petition as a claim of trial counsel's ineffectiveness for opening the door to the admission of the diary page. ECF No. 8-1 at 3. When PCRA counsel filed an Amended PCRA Petition, he took a different tack and rather than raise the issue that trial counsel was ineffective for failing to raise an objection to the admission of the diary page or for opening the door to the admission of the diary page, Attorney Farrell asserted that trial counsel was ineffective for not seeking a jury instruction, i.e., Pennsylvania Jury Instruction 3.21-B. Attorney Farrell asserted that trial counsel was ineffective for not requesting an instruction that

because the Commonwealth did not admit the entire diary, an adverse inference could be drawn ("the adverse inference instruction").

While Attorney Farrell raised the issue of trial counsel's failure to request the adverse inference instruction in both the Amended PCRA Petition and in the appellate brief to the Superior Court, he did not raise in the Superior Court, Ground Four raised herein, namely, a claim that trial counsel was ineffective for opening the door to the admission of the diary page in his cross examination. It is the failure to Attorney Farrell to raise this issue on appeal to the Pennsylvania Superior Court, which we find constitutes a procedural default, just like the procedural default of Ground One.

### d. <u>Martinez</u> does not provide "cause" to excuse the default.

Petitioner, however, invokes <u>Martinez</u> to explain that he has cause to excuse the procedural default of Grounds One and Four due to the alleged ineffective assistance of PCRA counsel, Attorney Farrell. ECF No. 11 at 6. Unfortunately for Petitioner, <u>Martinez</u> does not support Petitioner's argument.

<u>Martinez v. Ryan</u>, created a sea change in the doctrine of procedural default, holding for the first time that a claim of ineffective assistance of post-conviction relief counsel could serve as cause to excuse the procedural default of a claim of trial counsel's ineffectiveness. However, the Court in <u>Trevino v. Thaler</u>, 133 S.Ct. 1911, 1918 (2013) explained that <u>Martinez</u> only permits a federal habeas court to find "cause" based on post conviction counsel's ineffectiveness and "thereby excus[e] a defendant's procedural default, where (1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-

10

trial-counsel claim'; and (4) state law requires that an 'ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding." We find that Petitioner's claim of "cause" falters on prong three, i.e., falters on the ground that the procedural default that we find occurred herein, occurred not during the "initial review" proceeding in the post conviction process but in the appellate proceeding in the post conviction process.

The United States Supreme Court made clear in Martinez, a claim of ineffective assistance of post conviction counsel at the appellate stage of post conviction proceedings does not qualify as "cause" to excuse a procedural default that occurs at that stage. The Court declared: "[t]he rule of Coleman [i.e., ineffective assistance of post-conviction counsel cannot serve as cause] governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, **including appeals from initial-review collateral proceedings** .... See 501 U.S., at 754, 111 S.Ct. 2546; Carrier, 477 U.S., at 488, 106 S.Ct. 2639. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial[.]" Martinez, 566 U.S. at __, 132 S. Ct. at 1320 (emphasis added). Accord Norris v. Brooks, 794 F.3d 401, 405 (3d Cir. 2015) ("Martinez made very clear that its exception to the general rule of Coleman applies only to attorney error causing procedural default during initial-review collateral proceedings, not collateral appeals. 132 S.Ct. at 1316, 1320; see also Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012]."). Because the claim of cause that Petitioner would now have to excuse his procedural default is a claim that Attorney Farrell was ineffective at the appellate stage of post conviction proceedings for not raising Grounds One and Four in the appeal brief, Martinez does not permit this Court to find cause.

Not only does Petitioner fail to establish "cause" for his procedural default, he does not appear to argue, yet alone, establish a miscarriage of justice. Accordingly, Grounds One and Four are procedurally defaulted and cannot serve as grounds for relief in these federal habeas proceedings.

### 2. Ground Two does not merit relief.

In Ground Two, Petitioner argues that his trial counsel was ineffective for not objecting to the testimony of Detective Johnson because Petitioner contends Detective Johnson's testimony amounted to expert testimony intended to bolster the complainant's credibility in violation of state evidentiary law against such bolstering testimony. ECF No. 11 at 13 - 16. Specifically, Petitioner argues that the Pennsylvania "Supreme Court has ruled inadmissible in cases involving sexual abuse expert testimony offered by the Commonwealth related to general or typical responses of victims of sexual abuse which serves no purpose other than to bolster the credibility of the victim." Id. at 13 (citing Commonwealth . Balodis, 747 A.2d 341 (Pa. 2000)).

The Superior Court addressed this issue on the merits. ECF No. 8-9 at 10 – 13. In addressing the claim of trial counsel's alleged ineffectiveness raised in Ground Two, the Superior Court applied the state court test for ineffective assistance of counsel derived from Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987) (the "Pierce standard"). ECF No. 8-9 at 4 – 5. The Pierce standard has been found to be materially identical to the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Werts, 228 F.3d at 203. The United States Court of Appeals for the Third Circuit has ruled that this standard is not "contrary to" Strickland in the sense of being a wrong rule of law. Indeed, Petitioner concedes as much. ECF No. 11 at 6 ("Pennsylvania courts employ identical standards for ineffective assistance of counsel as Strickland v. Washington, 466 U.S. 668 (1984). See Commonwealth v. Pierce[.]"). Hence,

12

Petitioner cannot show that the Superior Court's disposition of Ground Two is contrary to United States Supreme Court precedent in the first sense of applying a wrong rule of law. Nor has Petitioner shown that the Superior Court's disposition is contrary to United States Supreme Court precedent in the second sense, i.e., he fails to point a case decided by the United States Supreme Court where the facts are indistinguishable from his case but where the state court reached an outcome different from the outcome reached by the United States Supreme Court.

Even though Petitioner argues that the Superior Court's disposition is an unreasonable application of Strickland, Petitioner has failed to show that the Superior Court's decision was an unreasonable application of Supreme Court precedent on ineffective assistance of counsel.

In Strickland, the United States Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel.

First, the defendant must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. at 390-91. In reviewing counsel's actions, the court presumes that counsel was effective. Strickland, 466 U.S. at 689. There is no one correct way to represent a client and counsel must have latitude to make tactical decisions. Lewis v. Mazurkiewicz, 915 F.2d 106, 115 (3d Cir. 1990)("[W]hether or not some other strategy would have ultimately proved more successful, counsel's advice was reasonable and must therefore be sustained."). In light of the foregoing, the United States Court of Appeals for the Third Circuit has explained, "[i]t is [] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997)(quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir.1989)).

13

Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Williams, 529 U.S. at 391.

Moreover, because the Superior Court addressed Petitioner's claims of ineffectiveness on the merits, this Court must apply the deferential standards of the AEDPA as to those claims, which results in a doubly deferential standard as explained by the United States Supreme Court:

> "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' *id.*, at 689 [104 S.Ct. 2052]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles*, 556 U.S., at ——, 129 S.Ct., at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at —— [129 S.Ct., at 1420]. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."

Premo v. Moore, 562 U.S. 115, 122 - 123 (2011) (quoting Harrington v. Richter, 562 U.S. 86, 105 (2011)). Accord Grant v. Lockett, 709 F.3d 224, 232 (3d Cir. 2013) ("'A state court must be granted a deference and latitude that are not in operation when the case involves [direct] review under the *Strickland* standard itself.' *Id.* Federal habeas review of ineffective assistance of counsel claims is thus 'doubly deferential.' *Pinholster*, 131 S.Ct. at 1403. Federal habeas courts must 'take a highly deferential look at counsel's performance' under *Strickland*, 'through the deferential lens of § 2254(d).'").

14

In addressing Ground Two, the Superior Court found that Petitioner's trial counsel was not ineffective for failing to object to the testimony of Detective Johnson because it was not inadmissible bolstering testimony in violation of state evidentiary law. The Superior Court recounted Detective Johnson's testimony, ECF No. 8-9 at 11 – 12. Thereafter, the Superior Court reasoned that:

> As the PCRA court correctly contends, Detective Johnson was not offering expert testimony or in any other way improperly substantiating the victim's testimony. PCRA Court Opinion, 1/23/12 at 12. He simply explained why there was no physical evidence in this particular case.
> . . . .
> Detective Johnson testified as a layperson with specific knowledge accumulated through his duties in the Sex Assault Squad. There was no error, therefore, in admitting Detective Johnson's testimony. Thus, Appellant's claim that trial counsel was ineffective in failing to object to Detective Johnson's testimony is meritless.

ECF No. 8-9 at 12 – 13.

Essentially, the Superior Court found that Petitioner's trial counsel was not ineffective for failing to object to Detective Johnson's testimony because such testimony was not objectionable as a matter of state evidentiary law. We find the Superior Court's disposition of this claim to be an application of the eminently reasonable rule that counsel cannot be deemed ineffective for failing to raise a meritless claim. Werts, 228 F.3d at 203 ("counsel cannot be ineffective for failing to raise a meritless claim.").[2] Accordingly, Ground Two does not merit relief in these federal habeas proceedings.

---

[2] We note in passing that Petitioner attempts to argue herein that the admission of such testimony by Detective Johnson violated not only state evidentiary law but also denied him due process in violation of the United States Constitution. ECF No. 11 at 16 ("Such testimony denies due process of law and violates the Pennsylvania Rules of Evidence."). To the extent that Petitioner attempts to argue that his trial counsel was ineffective for failing to object to Detective Johnson's testimony on the basis that such testimony violated Petitioner's federal due process rights, we find that Petitioner failed to present this specific argument to the state courts.
(… footnote continued)

### 3. Ground Three does not merit relief.

In Ground Three, Petitioner argues that his trial counsel was ineffective for not introducing medical testimony or evidence that the complainant's hymen was "intact." Petitioner contended that the intact hymen is entirely inconsistent with the testimony of the complainant that she and Petitioner had vaginal intercourse several times. Petitioner contends that the medical evidence that the complainant's hymen was thick and redundant implies that the hymen was intact, and so, necessarily, the complainant's testimony of vaginal intercourse with Petitioner was false. ECF No. 11 at 17 n. 5; id. at 20 ("Common sense and life experience dictates the presence of complainant's 'thick redundant hymen' incontrovertibly establishes that frequent sexual intercourse did not occur.").

The Superior Court addressed this issue on the merits, ECF No. 8-9 at 8 – 10. Again, the Superior Court utilized the Pierce standard, which is not contrary to Strickland in the first sense. Nor does Petitioner show the Superior Court's disposition of this claim is contrary to Supreme Court precedent in the second sense. He does, however, argue that the Superior Court's disposition of this claim was an unreasonable application of Supreme Court precedent. ECF No. 11 at 17 – 21. We are not persuaded.

The Superior Court rejected this claim of ineffectiveness and quoted the PCRA trial court's opinion. The PCRA trial court noted that:

---

Petitioner only argued that trial counsel was ineffective for failing to object to the testimony based upon the argument that Detective Johnson's testimony violated state evidentiary law. See PCRA Appellate Brief, ECF No. 8-6 at 22 – 24 (solely invoking Pa. R. Evid. 702 (concerning expert testimony) and only arguing that the testimony was violative of state law). Insofar as the Superior Court concluded as a matter of state evidentiary law that the testimony of Detective Johnson was not objectionable thereunder, we are bound by such state law determinations by a state court. Wainwright v. Goode, 464 U.S. 78, 84 (1983) (stating that federal courts are bound by a state court's interpretation of state law); Lyda v. Gibson, 172 F.3d 879 (Table), 1999 WL 107116, at *1 (10th Cir. 1999).

16

> The victim's medical records indicate that she was seen at Children's Hospital on June 6, 2006, for "concerns of sexual abuse by adult male." Notes from the physical examination state "Hymen – thick redundant hymen, no notches/no lesions" and the plan states "(1) the medical findings are not conclusive to support or disprove allegations of abuse." Later in the record of the same examination, it states "On exam, there were no physical findings of abuse, however, 80-90% of children with known sexual abuse have normal exams due to elasticity and dispensability of the hymenal tissue. The medical findings are not conclusive to support or disprove allegations of abuse."

ECF No. 8-5 at 8 (footnote omitted).[3] In rejecting Petitioner's claim of trial counsel ineffectiveness, the Superior Court reasoned:

> As the PCRA court correctly asserts, there is no indication, as is necessary for an ineffectiveness of counsel claim, that the witness' testimony would have changed the outcome of the trial. PCRA Court Opinion, 1/23/12 at 8. Appellant's conviction was based largely on the victim's testimony in relation to a series of events that occurred over a period of time. Given the extensive nature of her testimony, it is unlikely that the testimony of a medical witness (asserting that the victim had a thick hymen but that allegations of abuse could not be supported or disproved by way of medical examination) would have changed the outcome of the trial. Trial counsel cannot be deemed ineffective in failing to call a witness whose effect on the outcome of the trial would have been inconsequential.

ECF No. 8-9 at 10. We read the foregoing analysis of the Superior Court to essentially be a conclusion that trial counsel's failure to specifically introduce the evidence of the thick redundant hymen as evidence of Petitioner's innocence simply did not prejudice Petitioner. This is because Petitioner's contention that an "intact" hymen necessarily establishes that no vaginal intercourse occurred is simply not borne out by contemporary medical science even if Petitioner's asserted "common sense" is to the contrary. The evidence Petitioner wanted to be admitted by his counsel was evidence that was simply equivocal. It had no tendency to prove

---

[3] We quote from the PCRA trial court opinion because the Superior Court's quotation from the PCRA trial court opinion omitted the footnote without indicating so, and more importantly, the Superior Court's quote omitted, apparently unintentionally, the following words: "80-90% of children with known sexual abuse have normal exams due to elasticity and[.]" Compare ECF No. 8-5 at 8 with ECF No. 8-9 at 8.

what Petitioner claims it proves. In fact, the medical evidence explicitly contradicts what Petitioner contends the presence of a thick redundant hymen means, i.e., no vaginal intercourse; "80-90% of children with known sexual abuse have normal exams due to elasticity and dispensability of the hymenal tissue." Accordingly, we find that the Superior Court's conclusion that Petitioner's trial counsel was not ineffective for failing to introduce this evidence did not prejudice Petitioner to be eminently reasonable.[4]

Accordingly, Ground Three does not merit relief.

---

[4] We must note the Superior Court's use of the language "there is no indication, as is necessary for an ineffectiveness of counsel claim, that the witness' testimony **would have changed** the outcome of the trial" ECF No. 10 (emphasis added), The Superior Court's use of such language does not render the Superior Court's disposition contrary to Strickland's test of "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" Strickland, 466 U.S. at 694. This is so because the Superior Court earlier in its opinion cited the correct standard of "but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different." ECF No. 8-09 at 4 – 5. See, e.g., Holland v. Jackson, 542 U.S. 649, 654 – 55 (2004) (per curiam) (the Court suggested it does not consider the words "would not have" to "imply any particular standard of probability," especially "when the complete Strickland standard is elsewhere recited"); Sawyer v. Superintendent Muncy SCI, 619 F. App'x 163, 170 (3d Cir. 2015), *cert. denied sub nom.* Sawyer v. Smith, 136 S. Ct. 1173 (2016) ("Together, Visciotti and Jackson clarify that the Supreme Court's command to give state courts 'the benefit of the doubt' is a directive to presume, 'absent an affirmative indication to the contrary, ... that state courts 'know and follow the law.' Most relevant court of appeals decisions agree that where a reading of the state court's opinion as a whole demonstrates that the state court applied the correct legal standard (notwithstanding stray imprecise articulations), the federal habeas court is to defer to the state court's decision.") (some internal quotation altered, citations omitted). Even if we were we to apply a *de novo* standard to Ground Three, we would reach the very same conclusion as the Superior Court, i.e., Petitioner failed to show prejudice by the failure to adduce the medical evidence concerning the thick redundant hymen of the complainant given its equivocal nature, which is to say, the medical evidence does not prove or disprove sexual abuse, or more specifically, vaginal intercourse.

## III. CONCLUSION

For the reasons set forth herein, it is recommended that the Petition be dismissed. Because jurists of reason would not disagree with the foregoing, a Certificate of Appealability should likewise be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Date: June 20, 2016

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Maurice B. Cohill
Senior United States District Judge

Michael Davis
HY-2139
SCI Graterford
Box 244
Graterford, PA 19426

All Counsel of Record via ECF