IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL DAVIS,
        Petitioner,

v.

SUPERINTENDENT MICHAEL
WENEROWICZ; THE ATTORNEY
GENERAL OF THE STATE OF
PENNSYLVANIA,
        Respondents.

Civil Action No. 13-1744
Judge Maurice B. Cohill/
Chief Magistrate Judge Maureen P. Kelly

## ORDER

Michael Davis ("Petitioner") is a state prisoner who has filed the Petition, challenging his state court convictions for, *inter alia*, Statutory Sexual Assault and Corruption of Minors in connection with the sexual abuse of a fourteen year old daughter of a woman with whom he resided.

The case was referred to Chief Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Chief Magistrate Judge Kelly's Report and Recommendation, ECF No. 14, filed on June 20, 2016, recommended that Grounds One and Four were procedurally defaulted and that Petitioner could not show cause and prejudice or a miscarriage of justice so as to excuse the procedural default. The Report further found that as to Grounds Two and Three, Petitioner had not carried his burden to show that the state courts' adjudication of those claims was contrary to

or an unreasonable application of United States Supreme Court precedent. Petitioner was informed that he could file Objections to the Report. Petitioner filed Objections on July 12, 2016. ECF No. 15.

Nothing in Petitioner's Objections merits rejection of the Report.

Petitioner objects to the Report's finding that Petitioner had not shown cause and prejudice as is required to overcome the procedural default as to Grounds One and Four. In Ground One, Petitioner claimed his trial counsel was ineffective for failing to object to alleged prosecutorial misconduct occurring during the trial. In Ground Four, Petitioner argued that his trial counsel was ineffective for his cross-examination of the complainant which opened the door to having one page of the complainant's journal entered into evidence.

Although Petitioner conceded Grounds One and Four were defaulted, he argued cause for the default. Specifically, Petitioner argued that pursuant to Martinez v. Ryan, 132 S.Ct. 1309 (2012), he had cause in the form of PCRA counsel's failure to raise the issue in the counseled Amended PCRA petition. The Magistrate Judge's Report found that as to Grounds One and Four, there was a procedural default that occurred and the procedural default that occurred was PCRA counsel's failure to raise these two issues in his brief on appeal to the Pennsylvania Superior Court. Petitioner does not contend that such a failure does not constitute a procedural default but says there was another earlier procedural default by PCRA counsel, namely, his failure to raise these two claims of trial counsel's ineffectiveness in the counseled amended PCRA petition (hereinafter "the first procedural default"). Petitioner seemingly argues that because of the first procedural default by PCRA counsel, Plaintiff can establish "cause" for this first procedural default under Martinez and that is sufficient to establish cause. However, PCRA

counsel's failure to raise the two issues on appeal to the Superior Court constituted an independent procedural default (hereinafter the "second procedural default"). The Magistrate Judge's Report relied upon this second procedural default and noted that Martinez could not supply "cause" for this second procedural default.

The failure to raise a claim on an appeal constitutes an independent procedural default apart from the failure to raise an issue in the PCRA trial level. Hence, Petitioner cannot show cause in the form of his PCRA counsel's ineffectiveness on appeal of the PCRA proceedings as explained in the Magistrate Judge's Report.

In the alternative, Petitioner fails to show cause under Martinez because he fails to show that his PCRA counsel was ineffective for not including the two claims (actually, the one sub-claim of Ground One that trial counsel was ineffective for not objecting to the **repeated** disparaging references to Petitioner as a drug dealer and not just to the disparaging remarks in the prosecution's closing, see ECF No. 15 at 2) of trial counsel's alleged ineffectiveness in the counseled Amended PCRA Petition.

As the Supreme Court has declared:

> appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal. . . . [I]t is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent. *See, e.g., Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome").

Smith v. Robbins, 528 U.S. 259, 288 (2000). Thus, "[i]f the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance." Cargle v. Mullin, 317 F.3d

3

1196, 1202 (10th Cir. 2003) (internal quotation marks omitted). On the other hand, "if the omitted issue has merit but is not so compelling, [we must assess] the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance." Id. (citing Smith, 528 U.S. at 288).

Although Petitioner argues the applicability of Martinez, he fails to separately argue, yet alone convince the court, as is his burden, that the two issues of trial counsel's alleged ineffectiveness raised in Grounds One and Four that were not raised by PCRA counsel were stronger than the other issues PCRA counsel actually did raise. Furthermore, Petitioner has failed to make a showing that, had PCRA counsel raised the two issues which Petitioner claims he should have, there was a reasonable likelihood that the result of the PCRA proceedings would have been different *i.e.*, that he would have received relief. See Smith v. Robbins, 528 U.S. at 285-86 (a petitioner must show a reasonable probability that but for appellate counsel's unreasonable failure to raise issues, he would have prevailed on his appeal).

Lastly, Petitioner fails to show cause under Martinez, because he fails to show that the two claims of trial counsel's ineffectiveness were "substantial." In light of the evidence of Petitioner's guilt, it is unlikely that had trial counsel objected to the disparaging remarks concerning Petitioner dealing in drugs or had trial counsel not opened the door to the introduction of the journal page, the result of the trial would have been different, which is to say, Petitioner fails to show a substantial question of prejudice. Accordingly, Petitioner's objections as to the Report's finding that Petitioner failed to establish cause for Grounds One and Four are overruled.

4

Next, Petitioner objects to the Report's conclusion that Petitioner failed to show the State Court's adjudication of Ground Two was an unreasonable application of Strickland. The Magistrate Judge's Report found that Petitioner could not establish trial counsel's ineffectiveness for failure to object to the testimony of Detective Johnson, which Petitioner contended violated state evidentiary law. The Superior Court found that Detective Johnson's testimony did not violate state evidentiary law and, therefore, Petitioner's trial counsel could not be ineffective for failing to raise a meritless objection to Detective Johnson's testimony. The Magistrate Judge's Report found this to be a reasonable application of Strickland. Petitioner objects to the Superior Court's determination that Detective Johnson's testimony did not violate state evidentiary law, and asserts that federal habeas courts may reject a clearly untenable interpretation of state law which amounts to evading a correct application of Strickland. ECF No. 15 at 4 (citing Butler v. Curry, 528 624, 642 (9th Cir. 2008)).

We note that Butler specifically stated: "We are bound to accept a state court's interpretation of state law, except in the highly unusual case in which the 'interpretation is clearly untenable and amounts to a subterfuge to avoid federal review' of a constitutional violation. *Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir.1982); *see Mullaney v. Wilbur*, 421 U.S. 684, 691 n. 11, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). The California Supreme Court's interpretation of the DSL is not so inconsistent with prior case law or the statute itself as to suggest that it is merely a subterfuge." Butler, 528 F.3d at 642. We also note that the Supreme Court has stated: "On rare occasions the Court has re-examined a state-court interpretation of state law when it appears to be an 'obvious subterfuge to evade consideration of a federal issue.'" Mullaney, 421 U.S. at 691.

5

Petitioner fails to show that the Superior Court's interpretation of state evidentiary law falls within the narrow exception described in Mullaney. It is readily apparent to this Court that the Superior Court's interpretation of state evidentiary law herein is not a "subterfuge to evade consideration of a federal issue." Accordingly, Petitioner's Objections to the Report's finding that Ground Two does not merit relief is overruled.

In Ground Three Petitioner complained that his counsel was ineffective for failing to introduce medical expert testimony that the victim's hymen was intact. The Magistrate Judge's Report found that counsel could not be ineffective for failing to introduce such evidence because an intact hymen does not establish or disestablish the past occurrence of vaginal intercourse. Petitioner's objection as to this part is not clear. He seems to contend that an evidentiary hearing should have been held on this issue. ECF No. 15 at 5 ("Chief Magistrate Judge Kelly's conclusion that the proffered evidence of an intact hymen is 'simply equivocal' confirms petitioner's request for an evidentiary hearing."). Petitioner goes on to assert that the "R&R should have recommended an evidentiary hearing." Id. at 5.

To the extent that Petitioner claims entitlement to an evidentiary hearing in this federal habeas proceeding, where the state courts have already adjudicated the claim raised in Ground Three on the merits, Petitioner is not entitled to an evidentiary hearing here. Cullen v. Pinholster, 563 U.S. 170, 181(2011) ("We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). Our review is limited to the record as developed in the state courts. Id. Hence, this Objection is overruled.

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 19th day of July 2016,

IT IS HEREBY ORDERED that the Objections are overruled and the Petition is DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 14, filed on June 20, 2016, by Chief Magistrate Judge Kelly, is adopted as the opinion of the Court as supplemented by this Order. A certificate of appealability is DENIED as jurists of reason would not disagree with the analysis of the Report.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure if the petitioner desires to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

The Clerk is to mark the case closed.

*Maurice B. Cohill, Jr.*
Judge Maurice B. Cohill
Senior United States District Judge

cc: The Honorable Maureen P. Kelly
Chief United States Magistrate Judge

Michael Davis
HY-2139
SCI Graterford
Box 244
Graterford, PA 19426

All Counsel of Record via ECF